STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeals of } }
 Randy Maxon and Muriel Palmer } Docket Nos. 58-3-00 Vtec and 59-3-00 Vtec }
}
}

Decision and Order on Motions to Dismiss

In Docket No. 58-3-00 Vtec, Appellants appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Bennington granting an amendment to the conditional use approval for Breckenridge Village. In Docket No. 59-3-00 Vtec, Appellants appealed from a decision of the Town of Bennington granting an amendment to the site plan approval for Breckenridge Village. Appellants are represented by Paul S. Gillies, Esq.; Appellee-Applicant Southwestern Vermont Health Care Corp. is represented by A. Jay Kenlan, Esq. The Town of Bennington is represented by Robert M. Fisher, Esq. Appellee has moved to dismiss the appeals, and has moved to dismiss Appellant Muriel Palmer as a party.

Appellee-Applicant's residential care facility was granted conditional use approval and site plan approval, in January 1999, based on its being served by a public water supply. Based on the approvals by the Planning Commission and ZBA, on February 11, 1999 the Zoning Administrator granted the permit, by signing the statement "Based on action by Planning Commission and/or Zoning Board of Adjustment[,] permit is GRANTED" on the form provided in these appeals as Exhibit B.

In March, 1999, the public water supply declined to provide water to the facility, and Appellee-Applicant's predecessor applied for amendments to its conditional use approval and site plan approval for an on-site water supply (well) to serve the facility. By letter dated January 24, 2000, the Zoning Administrator informed the applicant of the action of the Planning Commission and the conditions of the Planning Commission's approval of the amended site plan, advised the applicant that "this letter and the approved site

1

development plan shall represent the decision on the amendment request," and invited the applicant to call with "any questions regarding the Planning Commission's decision." By letter dated February 15, 2000, the Zoning Administrator informed the applicant of the action of the ZBA and the conditions of the ZBA's approval of the amended conditional use approval, advised the applicant that "this letter and the approved Findings of Fact shall represent the decision on the amendment request," and invited the applicant to call with "any questions regarding the Zoning Board's decision."

Motion to Dismiss the Appeal

Appellee-Applicant characterizes the two letters of the Zoning Administrator as constituting the Zoning Administrator's action approving "the requested amendment to the Breckenridge Zoning Permit." Appellee-Applicant argues that, while Appellants did appeal the actions of the ZBA and the Planning Commission, they did not appeal the Zoning Administrator's cover letters and therefore did not appeal the "Amended Zoning Permit."

However, the cover letters do not constitute the amended zoning permit. All that each one is on its face is an announcement of the respective decisions of the ZBA and Planning Commission, with instructions on how to appeal those decisions. Unlike the original action on the original application, the Zoning Administrator has not issued an amended zoning permit (or it has not been provided to the Court in connection with the present motions).

Motion to Dismiss Muriel Palmer as an Appellant

This motion depends upon disputed facts as to the location of Muriel Palmer's property in relation to the project site, in order for the Court to determine whether her property is in the "immediate neighborhood." In order to decide it the Court would have to examine whether she is threatened by some harm from the decision[1] on appeal and is

---

[1] The decisions on appeal appear to relate only to the well and activities within the wellhead protection area. Muriel Palmer's standing may also depend on whether her property can be affected by the aspects of the project which were reopened in the amended site plan and amended conditional use permit application and decision.

2

within the zone of interests protected by the Town's zoning ordinance. See <u>In re Appeal of Brodhead</u>, Docket No. 95-057 (Vt. Envtl. Ct., Aug. 3, 1995). Her standing (or lack thereof) under Act 250 is not conclusive of her standing under the zoning statute in this Court, if for no other reason than that the criteria for party status under Environmental Board Rule 14(B)(1) differ from those under 24 V.S.A. §4464(b)(3), and are discretionary with the Environmental Board.

Accordingly, based on the foregoing, Appellee's motion to dismiss the appeal is DENIED; and Appellee's motion to dismiss Muriel Palmer as an Appellant is also DENIED, without prejudice to its refiling based on affidavits or agreed facts.

Done at Barre, Vermont, this 3rd day of July, 2000.

_____
Merideth Wright
Environmental Judge